## C. J. SPILLMAN v. COMMONWEALTH.

**Bail—Forfeiture—Reversal—Bond Taken Before Mandate Filed—County Judge Has no Authority to Take.**

After appellant's case was reversed and before the mandate of the Court of Appeals was filed the county judge admitted the defendant to bail which he forfeited, and this action was instituted against his bondsman for the purpose of collecting the amount of the bond.

**Held:** That after conviction a defendant can not be admitted to bail. The county judge had no authority to admit the defendant to bail, although the judgment against him had been reversed. The mandate should have been entered and the court rendering a judgment could alone discharge the prisoner from custody. The bond taken by the county judge was unauthorized and void.

**Bail—Clerk May Take Bond.**

After the accused has been committed and there has been a term of the circuit court, the clerk of that court, in the absence of the judge, may take bail, and where there is a commitment by the court and the amount of bail is fixed the clerk may take the bail in the absence of the judge.

APPEAL FROM WASHINGTON CIRCUIT COURT.

January 14, 1872.

OPINION OF THE COURT BY JUDGE PETERS:

Although the record in this case is most unskillfully made out, it nevertheless appears that one Edgington had been indicted, tried and convicted in the court below for maliciously shooting and wounding an individual—after his conviction an appeal was allowed and the judgment of conviction reversed by this court—after that and before the mandate of this court was entered in the court below and while said Edgington was confined in jail under said judgment of conviction, the judge of the county court caused him to be brought before him by writ of habeas corpus and admitted him to bail in the penalty of $500 for his appearance in the Washington circuit court on the 2d day of its September term, 1870, to answer the charge against him and with the other stipulations prescribed by law. He failed to appear in discharge of his recognizance, and thereupon

the same was adjudged forfeited. Appellant, being one of his sureties, appeared and moved the court to quash the recognizance, and his motion having been overruled and judgment rendered against him for the penalty he prosecutes this appeal.

By *Sec. 71, Cri. Co.,* it is provided that after conviction a defendant cannot be admitted to bail. The county judge had no legal authority to admit Edgington to bail although the judgment against him had been reversed. The mandate of this court should have been entered and the court rendering the judgment could alone discharge the prisoner from custody.

Moreover, the amendment to *Section 61 of Criminal Code* provides that after the accused has been committed and after there has been a term of the circuit court, the clerk of the court, in the absence of the judge, may take bail of the accused, and whenever there is a commitment by the court, and the amount of bail is fixed, in such cases the clerk of the circuit court may take the bail in the absence of the judge.

It is clear therefore that the county judge had no authority to admit the said Edgington to bail, and the bond taken by him was unauthorized and void.

Wherefore the judgment is reversed and the cause is remanded with directions to sustain appellant's motion and quash said bond.

*J. B. Thompson, Sr., for appellant.*

*Thurman, for appellee.*